STEPHEN R. MICK (SBN 131569)
JULIA DE BEERS (SBN 233811)
smick@akingump.com
jdebeers@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Telephone:   310.229.1000
Facsimile:   310.229.1001

Attorneys for Defendants
2929 Entertainment, L.P., Rysher Entertainment, L.L.C., Qualia Capital LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DON JOHNSON PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RYSHER ENTERTAINMENT, INC., QUALIA CAPITAL LLC; and 2929 ENTERTAINMENT, INC., <br><br> Defendants. | Case No. CV 09-1906 MMM (JCx) <br><br> **DEFENDANT 2929 ENTERTAINMENT, L.P.'S ANSWER** <br><br> Date action filed: February 17, 2009 |

Defendant 2929 Entertainment, L.P., erroneously named as 2929 Entertainment, Inc. ("2929" or "Defendant") hereby answers the Complaint of plaintiff Don Johnson Productions, Inc. ("DJP" or "Plaintiff").

## ANSWER

## NATURE OF ACTION

1. Defendant admits that that Don Johnson had a role in the production of the television series Nash Bridges. Defendant denies the remaining allegations.

2. Defendant lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and on that basis denies the allegations.

3. Defendant admits that Nash Bridges premiered on CBS Television on March 29, 1996. Defendant admits that the final episode of Nash Bridges aired on CBS Television on May 4, 2001, and that 122 episodes were produced. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations.

4. Defendant lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and on that basis denies the allegations.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. A portion of the first allegation in Paragraph 6 of the Complaint (regarding the nature of the lawsuit) states a legal conclusion to which no response is required. Defendant denies the remaining allegations in paragraph 6 of the complaint.

## PARTIES, JURISDICTION AND VENUE

7. Defendant lacks information or knowledge to form a belief as to the residence of plaintiff, and on that basis denies said allegations.

8. The allegation contained in Paragraph 8 of the Complaint (regarding Jurisdiction) states a legal conclusion to which no response is required. Defendant admits that it is a Delaware limited partnership and that it maintains an office in California. Defendant denies the remaining allegations.

9. The allegation contained in Paragraph 9 of the Complaint (regarding Jurisdiction) states a legal conclusion to which no response is required. Defendant lacks information or knowledge to form a belief as to the residence of Qualia Capital LLC, and on that basis denies said allegations.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies the allegations.

12. The allegations contained in Paragraph 12 of the Complaint (regarding venue) state legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### I. DEVELOPMENT AND PRODUCTION OF NASH BRIDGES

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies the allegations.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies the allegations.

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis denies the allegations.

16. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis denies the allegations.

17. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis denies the allegations.

18. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies the allegations.

19. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis denies the allegations.

20. Defendant admits that the first episode of Nash Bridges aired on CBS on March 29, 1996. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis denies the allegations.

21. Defendant admits that 122 episodes of Nash Bridges were aired on CBS over 6 seasons. Defendant admits that the final episode of Nash Bridges aired on May 4, 2001. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and on that basis denies the allegations.

22. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies the allegations.

## II. <u>SALE AND BREAKUP OF RYSHER ENTERTAINMENT</u>

23. Defendant admits that Rysher's library catalog included Nash Bridges, Highlander: The Series, The Opposite of Sex, Kingpin and Big Night. Defendant admits that Rysher had some distribution rights in Oz and Sex and the City. Defendant lacks information or knowledge sufficient to form a belief regarding the remaining allegations and on that basis denies the remaining allegations.

24. Defendant admits that in 2001, Radical Rysher Management LLC and WG Venture LP acquired an interest in Rysher Entertainment, L.L.C. and other affiliated companies in accordance with the terms set forth in a Purchase Agreement. Defendant

denies the remaining allegations, including plaintiff's characterization of the terms of the agreement.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits that in 2006, Qualia Rysher Company, L.L.C. acquired an interest in Rysher Entertainment, L.L.C. in accordance with the terms set forth in a Purchase Agreement. Defendant lacks information or knowledge sufficient to form a belief regarding the remaining allegations and on that basis denies the remaining allegations.

27. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies such allegations.

## III.  SYNDICATION OF NASH BRIDGES

28. Defendant admits that Nash Bridges was syndicated on USA Networks. Defendant lacks information or knowledge sufficient to form a belief regarding the remaining allegations and on that basis denies such allegations.

29. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies such allegations.

30. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies such allegations.

## IV.  TERM AGREEMENT SECTION II-12—COPYRIGHT OWNERSHIP

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant avers that Section II-12 of Exhibit A speaks for itself. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies the allegations in paragraph 35 of the Complaint.

## V. TERM AGREEMENT SECTION II-4—CONTINGENT COMPENSATION

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant avers that Section II-4 of Exhibit A speaks for itself. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

## VI. TERM AGREEMENT SECTION IV-1—EXCLUSIVE CONTROL OF INTERACTIVE DEVICES

38. Defendant avers that Section IV-1 of Exhibit A speaks for itself. Defendant denies all remaining allegations in Paragraph 38 of the Complaint, including the allegations regarding plaintiff's alleged definition of "interactive devices."

39. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations to the extent they pertain to 2929. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations pertaining to Rysher Entertainment, Inc. and Qualia Capital LLC and on that basis denies such allegations in paragraph 40 of the Complaint.

## VII. TOLLING AGREEMENT

41. Defendant admits that a letter titled "Don Johnson / Rysher Entertainment, Inc.," dated May 16, 2002, exists between Rysher Entertainment and plaintiff, but expressly denies that the letter has any impact on 2929.

42. Defendant avers that Exhibit B to the complaint speaks for itself.

43. Defendant avers that Exhibit B to the complaint speaks for itself. Defendant lacks information or knowledge sufficient to form a belief regarding this allegation and on that basis denies said allegation.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

44. Defendant hereby incorporates each and every response to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

Defendant 2929 Entertainment, L.P.'s Answer                                  CV 09-1906 MMM (JCx)

45. Defendant admits that 122 episodes of Nash Bridges were produced and distributed to CBS Television. Defendant denies the remaining allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION – CONVERSION

51. Defendant hereby incorporates each and every response to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

54. Defendant hereby incorporates each and every response to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION – ACTION FOR AN ACCOUNTING

57. Defendant hereby incorporates each and every response to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Defendant denies the allegations in paragraph 58 of the Complaint, and specifically denies the contention that the United States Copyright Act entitles a 50% owner of copyright to "50% of the profits as determined by Generally Accepted Accounting Principles (GAAP)."

59. Defendant denies that the plaintiff is entitled to an order for an accounting.

including through the express and implied covenants of the contracts between the parties.

### Second Affirmative Defense
(Waiver/ Release)

Defendant is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs, by their acts, conduct, and omissions, expressly or impliedly waived and/or released whatever rights they may have had against Defendant.

### Third Affirmative Defense
(Laches)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's clams are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense
(Failure to Mitigate)

Defendant is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate the injury or damages alleged in the Complaint.

### Fifth Affirmative Defense
(Statute of Limitations)

Defendant is informed and believes, and on that basis alleges, that the Plaintiff's claims are barred, in part or in whole, by the applicable Statute of Limitations, including without limitation C.C.P. Section 337(1), 338(c), 338(d), 339(1), and 17 U.S.C. § 507(b).

### Sixth Affirmative Defense

(Preemption)

Depending on the way in which plaintiff intends to assert his Second and Third Causes of Action, plaintiff's claims may be preempted by the Copyright Act. *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115 (N.D. Cal. 2001).

Dated:  March 26, 2009

AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Stephen R. Mick
Attorneys for Defendants

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On March 26, 2009, I served the foregoing document(s) described as: **DEFENDANT 2929 ENTERTAINMENT, L.P.'S ANSWER** on the interested party(ies) below, using the following means:

Robert G. Krupka, Esq.
Mark C. Holscher, Esq.
R.C. Harlan, Esq.
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: 213.680.8400
Facsimile: 213.680.8500

*Attorneys for Plaintiff*

☐ BY PERSONAL SERVICE   I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 26, 2009, at Los Angeles, California.

Jennifer Fukai
[Print Name of Person Executing Proof]          [Signature]