1  STEPHEN R. MICK (SBN 131569)
   JULIA DE BEERS (SBN 233811)
2  smick@akingump.com
   jdebeers@akingump.com
3  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   Telephone:   310.229.1000
4  Facsimile:   310.229.1001

5  Attorneys for Defendants
   2929 Entertainment, L.P., Rysher Entertainment,
6  L.L.C., Qualia Capital LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DON JOHNSON PRODUCTIONS, INC., | Case No. CV 09-1906 MMM (JCx) |
| Plaintiffs, | **DEFENDANT RYSHER ENTERTAINMENT, L.L.C.'S ANSWER** |
| v. | |
| RYSHER ENTERTAINMENT, INC., QUALIA CAPITAL LLC; and 2929 ENTERTAINMENT, INC., | Date action filed: February 17, 2009 |
| Defendants. | |

Defendant Rysher Entertainment, L.L.C., erroneously named as Rysher Entertainment, Inc. ("Rysher" or "Defendant") hereby answers the Complaint of plaintiff Don Johnson Productions, Inc. ("DJP" or "Plaintiff").

## ANSWER

## NATURE OF ACTION

1. Defendant admits that that Don Johnson had a role in the production of the television series Nash Bridges. Defendant denies the remaining allegations.

2. Defendant avers that Exhibit A to the Complaint speaks for itself. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the allegations.

3. Defendant admits that Nash Bridges premiered on CBS Television on March 29, 1996. Defendant admits that the final episode of Nash Bridges aired on CBS Television on May 4, 2001, and that 122 episodes were produced.

4. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies the allegations.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. A portion of the first allegation in paragraph 6 of the Complaint (regarding the nature of the lawsuit) states a legal conclusion to which no response is required. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and on that basis denies the allegations.

## PARTIES, JURISDICTION AND VENUE

7. Defendant lacks information or knowledge to form a belief as to the residence of plaintiff, and on that basis denies the allegations.

8. The allegation contained in paragraph 8 of the Complaint (regarding Jurisdiction) states a legal conclusion to which no response is required. Defendant lacks information or knowledge to form a belief as to the residence of 2929 Entertainment, L.P., and on that basis denies the allegations.

9. The allegation contained in paragraph 9 of the Complaint (regarding Jurisdiction) states a legal conclusion to which no response is required. Defendant lacks information or knowledge to form a belief as to the residence of Qualia Capital LLC, and on that basis denies the allegations.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations.

12. The allegations contained in paragraph 12 of the Complaint (regarding venue) state legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### I. DEVELOPMENT AND PRODUCTION OF NASH BRIDGES

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies the allegations.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies the allegations.

15. Defendant avers that Exhibit A to the Complaint speaks for itself. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and on that basis denies the allegations.

16. Defendant admits that the Amendments enclosed in Exhibit A of the Complaint speak for themselves.

17. Defendant avers that Exhibit A to the Complaint speaks for itself. Defendant denies the remaining allegations.

18. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies the allegations.

19. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies the allegations.

20. Defendant admits that the first episode of Nash Bridges aired on CBS on March 29, 1996. Defendant admits that DJP and Don Johnson were involved in the production of Nash Bridges. Defendant admits that Rysher Entertainment, Inc. and Cox Communications provided some financing for the series. Defendant denies the remaining allegations.

21. Defendant admits that 122 episodes of Nash Bridges were aired on CBS over 6 seasons. Defendant admits that the final episode of Nash Bridges aired on May 4, 2001. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and on that basis denies the allegations.

22. Defendant avers that Exhibit A to the Complaint speaks for itself.

## II. SALE AND BREAKUP OF RYSHER ENTERTAINMENT

23. Defendant admits that at some time Rysher's library catalog has included Hogan's Heroes, Ben Casey, Walking Tall, Nash Bridges, Highlander: The Series, The Opposite of Sex, Kingpin and Big Night. Defendant admits that Rysher had some distribution rights in Oz and Sex and the City. Defendant denies that it has any distribution rights to Deadwood.

24. Defendant admits that in 2001, Radical Rysher Management LLC and WG Venture LP acquired an interest in Rysher Entertainment, L.L.C. and other affiliated companies in accordance with the terms set forth in a Purchase Agreement. Defendant denies the remaining allegations, including plaintiff's characterization of the terms of the agreement.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

### III. SYNDICATION OF NASH BRIDGES

28. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and on that basis denies the allegations.

29. Defendant admits that Nash Bridges was licensed on WGN Superstation in 2007. Defendant lacks information or knowledge sufficient to form a belief regarding the remaining allegations and on that basis denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant lacks information or knowledge sufficient to form a belief regarding the remaining allegations and on that basis denies such allegations.

### IV. TERM AGREEMENT SECTION II-12—COPYRIGHT OWNERSHIP

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant avers that Section II-12 of Exhibit A speaks for itself. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

### V. TERM AGREEMENT SECTION II-4—CONTINGENT COMPENSATION

36. Defendant avers that Exhibit A to the Complaint speaks for itself. Defendant avers that the September 30, 2007 participation/distribution statement speaks for itself. Defendant denies the remaining allegations in paragraph 36 of the Complaint, including the implication that plaintiff is entitled to participation on all gross receipts.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

## VI. TERM AGREEMENT SECTION IV-1—EXCLUSIVE CONTROL OF INTERACTIVE DEVICES

38. Defendant avers that Section IV-1 of Exhibit A speaks for itself. Defendant denies all remaining allegations in paragraph 38 of the Complaint, including the allegations regarding plaintiff's alleged definition of "interactive devices."

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations and on that basis denies the allegations in paragraph 40 of the Complaint.

## VII. TOLLING AGREEMENT

41. Defendant admits that a letter titled "Don Johnson / Rysher Entertainment, Inc.," dated May 16, 2002, exists. Defendant denies the remaining allegations of paragraph 41 of the Complaint, including the legal effect of the document.

42. Defendant avers that Exhibit B to the Complaint speaks for itself.

43. Defendant avers that Exhibit B to the Complaint speaks for itself. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint, and on that basis denies the allegations.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

44. Defendant hereby incorporates each and every response to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant admits that 122 episodes of Nash Bridges were produced and distributed to CBS Television. Defendant denies the remaining allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

Defendant Rysher Entertainment, L.L.C.'s Answer                              CV 09-1906 MMM (JCx)

50. Defendant denies the allegations in paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION – CONVERSION

51. Defendant hereby incorporates each and every response to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

54. Defendant hereby incorporates each and every response to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION – ACTION FOR AN ACCOUNTING

57. Defendant hereby incorporates each and every response to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Defendant denies the allegations in paragraph 58 of the Complaint, and specifically denies the contention that the United States Copyright Act entitles a 50% owner of copyright to "50% of the profits as determined by Generally Accepted Accounting Principles (GAAP)."

59. Defendant denies that the plaintiff is entitled to an order for an accounting.

## FIFTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

60. Defendant hereby incorporates each and every response to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and on that basis denies the allegations.

Defendant Rysher Entertainment, L.L.C.'s Answer                    CV 09-1906 MMM (JCx)

62. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies the allegations.

63. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis denies the allegations.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.

### First Affirmative Defense
(Consent / Authorization)

Defendant is informed and believes, and on that basis alleges, that Plaintiff consented to and/or authorized the alleged conduct that is the subject of the Complaint, including through the express and implied covenants of the contracts between the parties.

### Second Affirmative Defense
(Waiver / Release)

Defendant is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs, by their acts, conduct, and omissions, expressly or impliedly waived and/or released whatever rights they may have had against Defendant.

Defendant Rysher Entertainment, L.L.C.'s Answer                    CV 09-1906 MMM (JCx)

### Third Affirmative Defense

(Laches)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's clams are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

(Failure to Mitigate)

Defendant is informed and believes, and on that basis alleges, that Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate the injury or damages alleged in the Complaint.

### Fifth Affirmative Defense

(Statute of Limitations)

Defendant is informed and believes, and on that basis alleges, that the Plaintiff's claims are barred, in part or in whole, by the applicable Statute of Limitations, including without limitation C.C.P. Section 337(1), 338(c), 338(d), 339(1), and 17 U.S.C. § 507(b).

### Sixth Affirmative Defense

(Preemption)

Depending on the way in which plaintiff intends to assert his Second and Third Causes of Action, plaintiff's claims may be preempted by the Copyright Act. *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115 (N.D. Cal. 2001).

Dated: April 2, 2009               AKIN GUMP STRAUSS HAUER & FELD LLP

                                   By _____
                                          Stephen R. Mick
                                      Attorneys for Defendants

Defendant Rysher Entertainment, L.L.C.'s Answer          CV 09-1906 MMM (JCx)